IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | 09-CR-30084-WDS |
| REGINALD MOSES, | )<br>) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court are defendant's pro se motion for a new trial (Doc. 151) and a second motion for new trial filed by defendant's trial counsel (Doc. 152). The grounds asserted in the two motions are distinct, therefore, the Court will address each in turn. The government has not filed a response to either motion.

**I.     Defendant's Pro Se Motion.**

In his motion, the defendant objects to the jury instructions given to the jury. He asserts that the instructions were not properly followed because, although the Court instructed that he could be found guilty for taking crack cocaine from his co-defendant, Mintai Bedford, the Court allowed the government to introduce evidence at trial that he took things other than crack cocaine from Bedford.

The Court instructed the jury the defendant had been charged with the offenses of conspiracy to interfere with commerce by threats or violence (Count 2); interference with commerce by threats or violence (Count 3); and possession of a firearm in furtherance of a crime of violence (Count 4). (Government's Instruction #7.)  The Court instructed the jury as follows

as to each count, as follows:

    a.    The Instruction given for the charges in Count 2 provided:

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.
To sustain the charge alleged in Count 2 of the Superseding Indictment, the government must prove the following propositions:

| | |
|---|---|
| First: | A conspiracy existed to interfere with commerce by threat or violence; and |
| Second: | The defendant joined the conspiracy with the intent to further it. |

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.
If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.
To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

(Government's No. 14).

    b.    The Instruction given on Count 3 provided:

To sustain the charge alleged in Count 3 of the Superseding Indictment, the government must prove the following propositions:

| | |
|---|---|
| First: | The defendant knowingly attempted to obtain crack cocaine from or in the presence of another; |
| Second: | The defendant did so by means of robbery; |
| Third: | The defendant believed that the victim parted with the crack cocaine because of the robbery; and |
| Fourth: | The robbery affected interstate commerce. |

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

(Government's #15.)

    c.    The Instruction given on Count 4 provided:

To sustain the charge alleged in Count 4 of the Superseding Indictment, the government must prove the following propositions:

| | |
|---|---|
| First: | The defendant committed the crime of conspiracy to interfere with commerce by threats or violence or interference with commerce by threats or violence; and |
| Second: | The defendant knowingly possessed a firearm in furtherance of that crime. |

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of that charge.

(Government's #16)

    d.    Finally, the Court gave a separate instruction which contained that definition of robbery as:

The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(Government's #17). Finally, in Government's #27 the Jury was instructed that

each count, and the evidence related to that count, was to be considered separately.

In this case, the Court properly instructed the jury on the elements of the offenses with which the defendant was charged. Although there was evidence admitted that other things were taken from Bedford's home at the time that the cocaine was stolen, the defendant was not charged with taking those items. It was proper, however, to allow that evidence to be admitted as it put the entire event including the actions of the defendant, and his co-defendants, into context.

It is well settled that to succeed the defendant must show that evidence properly admitted was unduly prejudicial. *See, Deicher v. City of Evansville, Wis*. 545 F.3d 537, 543 (7th Cir. 2008) ("We have also required a showing of prejudice for properly admitted exhibits that allegedly improperly influenced the jury); *United States v. Best,* 939 F.2d 425, 429 (7th Cir.1991) (en banc) (finding that the jury was not prejudiced by exposure to evidence that had been properly admitted at trial); *see also United States v. Parker,* 491 F.2d 517, 521 (8th Cir.1973) ( "Probative value of evidence admitted must be weighed against possible prejudice that may result if the exhibits are sent to the jury.").

Therefore, the Court **FINDS** that the defendant has not established that the admission of the evidence of the taking of the other objects, along with the cocaine, was improper, and defendant's motion on this ground is **DENIED.**

The defendant also asserts that the jury sent a note to the Court seeking to have the Court define "possession" but the Court declined to do so. The defendant asserts that this was prejudicial because the jury did not understand the term and a

definition may have changed the outcome of the trial.

It is within the Court's discretion to determine whether or not to supplement jury instructions. "We review a decision to answer a question from the jury as well as the language used in the response for an abuse of discretion." *United States v. Hewlett,* 453 F.3d 876, 880 (7th Cir.2006) (citing *United States v. Young,* 316 F.3d 649 (7th Cir.2002)). "[T]he district court retains broad discretion in deciding how to respond to a question propounded from the jury and ... the court has an obligation to dispel any confusion quickly and with concrete accuracy." *United States v. Sims,* 329 F.3d 937, 943 (7th Cir.2003).

In this case, the Court determined that the jury did not need an additional instruction on the term "possession." The Court cannot find that the failure to give the jury the additional instruction was in error, and the defendant's motion on this ground is **DENIED.**

## II.  DEFENDANT'S MOTION FOR NEW TRIAL FILED BY COUNSEL

Defendant's trial counsel has filed a motion for new trial based on the following: that a potential juror was removed over the objection of the defendant (a *Batson* challenge); that the government's witness, Mintai Bedford, blurted out that he saw the defendant's picture and name on a police computer, thereby allowing the jury to assume that the defendant had a police record; and, finally, that the government elicited hearsay testimony that co-defendant Monte Boatman did not sign a cooperation agreement, allowing the jury to believe that he had conspired with the defendant and had something incriminating to say about the defendant.

5

      A.    *Batson* Challenge

In *Batson v. Kentucky,* 476 U.S. 79 (1986), the Supreme Court established a three-step framework for determining whether the prosecution violated the defendant's Equal Protection rights by exercising peremptory challenges in a racially discriminatory manner. First, the defendant must make a prima facie case "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Batson,* 476 U.S. at 94. Second, if the defendant establishes a prima facie case, the "burden shifts to the [government] to explain adequately the racial exclusion" by offering permissible, race-neutral reasons for the peremptories. *Id.* Third, the trial court must evaluate the plausibility of the prosecution's reasons, in light of all of the surrounding circumstances, to decide whether the defendant has proved purposeful discrimination. *Id.* at 98; *see also Miller-El v. Dretke,* 545 U.S. 231, 251-52 (2005). In this case, the defendant did not raise a *Batson* challenge during either cause or peremptory strikes of the venire pool. Therefore, the Court cannot find that this is a basis for a new trial.

      B.    Witness' extraneous statement

During the trial Mintai Bedford stated that he did not know the defendant before the robbery, but saw his picture on the computer at the Alton Police Department. Bedford testified that he volunteered that the picture was the "guy that kicked me in the face."

The Court notes that there was no objection to that testimony, nor did the defendant seek to have the testimony stricken from the record. The Court cannot

find that the testimony that the witness recognized the defendant on a police computer was unduly prejudicial, especially in light of the amount of testimony which placed the defendant at the scene.  Accordingly, defendant's motion on this ground is **DENIED.**

      C. Evidence Concerning Monte Boatman's Lack of Cooperation

The defendant's final ground for a new trial is that the government improperly introduced evidence that Boatman did not sign a cooperative plea agreement, therefore, the jury could have concluded that he had something incriminating to say about the defendant.  During the trial, the government's case agent testified that Boatman did not cooperate.  The defendant objected, the government then moved on. The Court is not persuaded that this testimony was at all prejudicial to the defendant, and is not a basis for granting a new trial.

## CONCLUSION

Accordingly, the Court **DENIES** on all grounds raised, defendant's motions for new trial (Docs. 151 and 152).

**IT IS SO ORDERED.**

**DATE: 1 December, 2010**

           **/s/  WILLIAM D. STIEHL**
            **DISTRICT JUDGE**